Per Curiam.
Upon a full consideration of the pleadings in this action, we reach the conclusion that the supposed libelous matters contained in the answer of the defendant Tousey, 'and in the bill of particulars and supplemental answer, were absolutely privileged, and are, therefore, not actionable. The complaint in the original action, in setting up the libelous matter, for the publica *65 tion. of which it was sought to make the defendant, The News Company, liable, contains the statement, “He was instructed chiefly to ascertain if your character was decent.” When such words are applied to a woman, they reasonably include the question of her chastity. If she was unchaste in action, she could not have a character for decency. The matter of which complaint is made in this action as contained in the defendant’s pleading and bill of particulars, related to that very subject, as it also did to the matter contained in the original libel, and these words, “he had been already written to, to inquire if your children were illegitimate,” andas to the “stigma of bastardy ” on her children.
If the plaintiff had been the inmate of a house of prostitution, if she had become pregnant by a man not her husband, such facts were proper to be pleaded and to be offered in evidence in the action by way of justification or in mitigation of damages.
Although not formally pleaded as a justification, the matter in question may, when contained in an answer, be regarded as alleged for that purpose, as well as in mitigation (Kelly v. Waterbury, 81 N. Y. 119).
While not accepting to its full extent the statement “ that for any defamatory matter contained in a pleading in a court of civil jurisdiction, no action for libel can be maintained ” (Townshend Libel & Slander, § 221), the authorities do clearly establish the proposition, that when the matter pleaded was material and pertinent, it is absolutely privileged (Odgers Libel & Slander, 190, 191, and cases cited). The learned author last cited, reaches the same conclusion as that announced by Mr. Townshend in his treatise, with respect to the rule upon this subject, that “pleadings” are absolutely privileged. ■
Be that, however, as it may, in cases of doubt as to whether matter pleaded, and which has been suffered to remain in a pleading, is material and pertinent, and properly pleaded, the party pleading should have the benefit *66 of the doubt, in determining the question of liability in an action for libel (Warner v. Paine, 2 Sand. 195).
Irrelevant and impertinent matter in a pleading may be expunged on the application of a party aggrieved. Where a party does not seek an opportunity to get rid of objectionable matter in his adversary’s pleading, it maybe because he is not satisfied that it is either immaterial or impertinent; and we conclude, that the matter in question was neither the one, nor the other.
The judgment appealed from is affirmed, with costs.